**In re Richard and Zellene MILLER, Debtors.**

No. 03–18845.

United States Bankruptcy Court, S.D. Ohio, Western Division.

June 2, 2004.

Patrick J. Conway, Bruce L. Greenberger, Cincinnati, OH, for Debtors.

## ORDER RE: UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on the United States Trustee's motion to examine fees paid to the Debtors' attorney under 11 U.S.C. § 329 (Doc. 9) and the Debtors' response (Doc. 19). A hearing was held on May 11, 2004. Only the United States Trustee appeared at the hearing.

The United States Trustee challenges the fee paid to the Debtors' attorney for work done relative to the redemption of a vehicle.

Pursuant to § 329(b), the Court can examine the amount paid to counsel and, to the extent the amount paid exceeds the reasonable value of the services rendered, the Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment.

The Debtors filed their chapter 7 petition on November 7, 2003. The accompanying Disclosure of Compensation of Attorney for Debtors filed with the petition is silent as to whether the general $750 fee includes or does not include work done relative to the filing of motions to redeem.[1] The Debtors' Statement of Intention, also filed with the petition, indicates that the

---

1. The Debtors' attorney's law firm's practice is either evolving or inconsistent in this area. In one recently filed case, *In re Grimm,* Case No. 04–10778, the Disclosure of Compensation indicates that the general fee *does* include work done relative to motions to redeem. Yet in another recently filed case, *In re Lowell,* Case No. 04–11364, the Disclosure of Compensation indicates that the general fee does *not* include work done relative to motions to redeem. It is unfortunate that the Debtors' attorney did not attend the hearing to offer an explanation of the practice variations.

Debtors wish to reaffirm—not redeem—the debt involving the subject vehicle.

Only five days after the petition filing date, on November 12, 2003, a motion to redeem the Debtors' vehicle was filed. The motion is silent as to any additional attorney fee to be charged for this work. Attached to the motion, however, is a letter from 722 Redemption Funding, Inc., indicating that up to an additional $600 "would" be borrowed by the Debtors to disburse to their attorney to cover the additional legal services of obtaining a redemption order.

The motion was uncontested and an order granting the motion was routinely entered. The order, which was drafted by the Debtors' attorney, is also silent as to the award of any attorney fees.

The United States Trustee filed the instant motion on November 28, 2003. The Debtors' attorney filed a response on December 29, 2003. On April 30, 2004, the Debtors' attorney filed a Supplemental Fee Disclosure indicating he was paid $400 for the work done relative to the redemption. The $400 fee is not itemized.

## I. Excessive Fees

The United States Trustee contends that a fee of $400 is excessive, especially in light of the general $750 fee for doing everything else in the case. We agree.

■ It is the law in this circuit that the lodestar method of multiplying the attorney's hourly rate by the number of hours reasonable expended is the appropriate method of determining a reasonable attorney's fee under 11 U.S.C. § 330. *In re Boddy*, 950 F.2d 334, 337 (6th Cir.1991). The bankruptcy court may also consider other factors, including novelty and difficulty of the issues and the special skills of counsel. *Id. See also* Ohio Code of Professional Responsibility DR 2–106 (Fees For Legal Services).

The redemption pleadings filed by the Debtors' attorney are "boilerplate." The pleadings filed are virtually identical to other redemption pleadings filed in other bankruptcy cases by the same law firm. The redemption pleadings are clearly based on form pleadings supplied by 727 Redemption Funding, Inc. available on their website. *See* hearing Exhibits A, B, and D. It does not appear that the matter involved any novel or difficult issues or special skills of counsel. The motion was unopposed. There was no hearing on the motion.

■ The fact that redemption of a vehicle, especially a vehicle with a loan balance far in excess of the vehicle's value, may be financially beneficial to the Debtor is not a justification for a debtor's attorney to charge an excessive fee for the simple legal work done. Section 722 of the Bankruptcy Code creates the possibility of redemption; the debtor's counsel is merely implementing that code section.

At the hearing, the United States Trustee stated that he believed one-half hour of attorney time, or $75, would be an appropriate amount to be billed for an uncontested motion to redeem. In view of our holding in this case, *see infra*, it is not necessary for the Court to decide the amount of an appropriate fee at this time.

## II. Conflict of Interest

■ The United States Trustee also contends that this practice creates a conflict of interest. We agree.

■ Generally, a debtor's attorney should not receive fees from a third party, especially when the third party, i.e., 722 Redemption Funding, Inc., is also receiving a benefit from the transaction. Such a tripartite arrangement necessarily calls into question whether the debtor's attorney is representing the interest of the

debtor or the interest of 722 Redemption Funding, Inc. This conflict of interest is made further apparent by the fact that the debtor's attorney receives *no* additional money if the debtor reaffirms the debt. This conflict is made further apparent by the fact that the fee paid to the debtor's attorney is based upon the redemption amount and not upon the amount of the work done relative to obtaining the redemption. *See also* Ohio Code of Professional Responsibility EC 5–1, DR 5–101 (Refusing Employment When The Interests Of The Lawyer May Impair The Lawyer's Independent Professional Judgment), and DR 5–107 (Avoiding Influence By Others Than The Client).

We now turn to the facts of the present case. Given that the Disclosure of Compensation is silent as to whether or not the $750 general fee covers legal work for redemptions, given that the Statement of Intention indicates that the Debtors intended to reaffirm the debt, given that the motion to redeem was filed only five days after the Statement of Intention was filed, and given that the text of the motion is silent as to the payment of additional attorney fees, we conclude that the structure of this transaction was designed to keep the Debtors unaware that they were paying anything for the redemption work. It may or may not have been anyone's intention to trick the Debtors, but the logical inferences to be drawn from these facts point to a comfortable subterfuge.

### III. Conclusion

Accordingly, the Debtors' law firm, Macey & Chern,[2] is hereby ORDERED to refund to the Debtors the amount of $400,

plus interest at the rate specified in the 722 Redemption Funding, Inc. loan documentation from the date of the closing of the transaction.

Recognizing that redemption agreements are legitimate commercial transactions in thousands of bankruptcy cases each year, the Court and the U.S. Trustee engaged in a colloquy at the hearing about how to best protect the legitimate interests of all parties involved. While it is not necessary to make findings at this time, it may prove useful to counsel to note the observations and suggestions offered by the U.S. Trustee and the Court. Some of them are as follows.

First, the disclosure of compensation should indicate whether the general fee does or does not include legal work done relative to redemptions.

Second, if the debtor intends to redeem the collateral, the statement of intention should so state.

Third, if additional attorney fees are sought in conjunction with a motion to redeem, said request should be clearly included in the motion to redeem and in the proposed order.[3]

Fourth, the supplemental fee disclosure should show an itemization of the attorney's time.

Fifth, where a supplemental fee disclosure is required, the order granting the motion to redeem should not be granted until the supplemental fee disclosure has been filed. It is suggested that the debtor's attorney file the supplemental fee disclosure and upload the proposed order simultaneously. This should be the case

---

**2.** The docket reflects that on April 27, 2004, attorney `Bruce Greenberger withdrew as counsel and was replaced by attorney Patrick Conway of the same law firm.

**3.** We note that in some recent bankruptcy cases filed by the Debtor's attorney, the motions to redeem, as well as the proposed orders, now contain language regarding an additional attorney fee. The inclusion of such language is appropriate.

whether the motion is uncontested or contested.

Sixth, any money borrowed by a debtor from 722 Redemption Funding, Inc. for attorney fees should be paid by 722 Redemption Funding, Inc. to the debtor and not to the debtor's attorney.

Seventh, if additional attorney fees are sought with regard to a motion to redeem, the debtor's attorney should not seek to obtain a clerk default order.

IT IS SO ORDERED.